GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS          SBN 108325
BEN J. MEISELAS          SBN 277412
Attorneys for Plaintiffs Cindy Hahn and Brandon Hahn

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDY MICHELLE HAHN, an individual;, | Case No.: 3:15-CV-02007-DMS-BGS |
| Plaintiff, | *Honorable Dana M. Sabraw* |
| vs. | **OBJECTION TO NOTICE OF APPEAL AND OPPOSITION TO DEFENDANTS' ANTICIPATED MOTION TO STAY** |
| CITY OF CARLSBAD; OFFICER J. KNISLEY; OFFICER KENYATTE VALENTINE; OFFICER KARCHES; CORPORAL GALANOS; OFFICER SEAPKER; and  DOES 1 through 50, | |
| Defendants. | |

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

# I.

## **INTRODUCTION**

On July 7, 2017 at 10:30 AM the parties appeared for a Final Status Conference. The Court discussed with the parties their joint pretrial orders filed with the Court based on substantial meet and confer efforts which took place during the previous weeks.

At the Final Status Conference, the Court discussed trial procedures, trial length, and issued its Final Trial Order.

The Court specifically asked the parties if there were any additional issues that the Court should be aware of. There parties stated there were none.

Following this hearing, counsel for Defendant informed counsel for Plaintiff that they would be filing an Interlocutory Appeal and Request for Stay which they claimed would prevent trial from proceeding as presently scheduled. Counsel for Plaintiff asked why this was not brought up prior to or at the Final Status Conference but received no answer.

Defendants are engaged in an unfortunate and transparent effort to stall, delay, and obstruct trial. Plaintiff has waited four years for her day in Court. Following the Final Status Conference, counsel for Plaintiff began preparing for trial. Plaintiff needs to subpoena in-state and out-of-state witnesses, and must coordinate with experts to ensure their availability for a streamlined trial. For the following reasons, Defendants request for an Interlocutory Appeal, and to Stay Trial should be denied.

Based on these unexpected developments which will impact the trial schedule set by the Court, Plaintiff respectfully requests a telephone conference with the Court and all counsel to address these issues.

//

//

## II.

## LEGAL ARGUMENT

### A.   Defendants Have Used Interlocutory Review in a Manipulative Fashion to Play Games With the District Court's Schedule

Ninth Circuit case law prohibits a party from seeking an Interlocutory Appeal and/or Requesting a Stay of Trial in order to delay, stall, or obstruct trial. Specifically, the law prohibits Defendants from engaging in gamesmanship to thwart the district court's schedule. "If [defendants] wait too long after denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial." *Apostol v. Gallion* 870 F.2d 1335, 1339 (7th Cir. 1989). "We have no doubt, however, that defendants who play games with the district court's schedule forfeit their entitlement to a pre-trial appeal." *Id.* This rule, stated in *Apostol*, was adopted by the Ninth Circuit in *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

Moreover, "[i]n determining whether to stay proceedings pending appeal of a denial of a qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Isayeva v. County of Sacramento*, 2015 WL 6744529 at *1 (E.D. Cal. 2015) (citing *Apostol v. Gallion*, 870 F.2d at 1338-39.)

Here, Defendants' failed to inform Plaintiff and this Court of its intent to file an Interlocutory Appeal or seek a Stay of the Trial, despite ample opportunity to do so. Defendants failed to inform Plaintiffs during meet and confer efforts in connection with the submission of the Pretrial Order, and in the Pretrial Order itself. Defendants failed to inform the Court that they intended to file an Interlocutory Appeal or seek a stay of the trial, even though the Court *specifically requested* of the parties at the Final

Status Conference *if there was any additional information* the Court should be apprised of before it issued its Final Trial Order.

As soon as the parties exited the Final Status Conference and before the Mandatory Settlement Conference, Defendant revealed what it had concealed from the District Court - that it was going to request that trial be stayed. Indeed, Defendants had the Court set a Final Trial Order, only to play games with the District Court's schedule by seeking to stay the trial.

Additionally, as Defendants' intention to Stay Trial was concealed until after the Court issued its Trial Order, Plaintiff has relied on the existing schedule and Trial Order to ensure that lay witnesses -- both in-state and out-of-state – as well as expert witness are available to appear at trial. Further, Plaintiff has requested at least one other State Court trial be continued to accommodate this Federal Trial.

## B. The Court's Denial of Defendants' Motion for Summary Judgement Was Based on Factual and Not Legal Issues

"[W]hether an appellate court hears an interlocutory appeal from the denial of qualified immunity depends on the basis of the denial." *Isayeva*, 2015 WL 6744529 at *1 (citing *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009)). If the order denying qualified immunity is based on disputed material facts, "it is not a final, immediately appealable order." *Id.* "An order denying qualified immunity on the basis of legal issues is different, because deciding such legal issues is the realm of the appellate courts." *Id.*

Here, the Order Denying Defendant's Motion for Summary Judgment was based on disputed material facts regarding the *Graham* factors. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). There is a well-established right to be free from unreasonable searches and seizures and to be free from excessive force including lethal physical assaults causing severe bodily injury. Since the Court's Order was based on the disputed facts, and not the legal existence of a clearly established right, it

is not a final, immediately appealable order. Accordingly, there are no grounds for an interlocutory appeal.

## III.

## CONCLUSION

Defendants are desperately seeking that trial and justice be delayed after completing a Final Status Conference and failing to raise any of these issues with the Court. By failing to address these issues at the Final Status Conference, Defendants induced the Court to issue a Final Trial Order that Defendant had no intention of following. This is exactly the type of gamesmanship with both the District Court's schedule and Plaintiff's schedule that the Ninth Circuit has rejected.

Defendant had ample opportunity to apprise the parties and the Court of its intention to delay trial, but intentionally concealed this information. Further, Defendants' request for an Interlocutory Appeal should not be permitted since the Court's Summary Judgment Order was based on a factual disputes and not the existence of a question of legal immunity. Defendants' game playing should not be countenanced. This matter should proceed to trial as presently scheduled based on the Court's Final Status Conference.

In light of the foregoing, Plaintiff respectfully requests a telephone conference with the Court and all counsel to address the issues arising from Defendants' gamesmanship of this Court's trial schedule.

DATED:  July 10, 2017                    GERAGOS & GERAGOS, APC

By: _/s/ Ben J. Meiselas_
MARK J. GERAGOS
BEN J. MEISELAS
Attorneys for Plaintiff
CINDY MICHELLE HAHN

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411