Celia A. Brewer, City Attorney
Walter C. Chung (SBN 163097)
Office of the City Attorney
1200 Carlsbad Village Drive
Carlsbad, CA 92008
Tel: (760) 434-2891; Fax: (760) 434-8376
Email:  walter.chung@carlsbadca.gov

Neal S. Meyers (SBN 109625)
Golnar J. Fozi (SBN 167674)
Daniel S. Modafferi (SBN 294510)
Meyers Fozi, LLP
1808 Aston Avenue, Suite 100
Carlsbad, CA  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  nmeyers@meyersfozi.com
            gfozi@meyersfozi.com
            dmodafferi@meyersfozi.com

Attorneys for Defendants-Appellants
City of Carlsbad, Jody Knisley, Kenyatte
Valentine, and Richard Galanos

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY MICHELLE HAHN; and BRANDON HAHN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CARLSBAD; OFFICER J. KNISLEY; OFFICER KENYATTE VALENTINE; OFFICER KARCHES; CORPORAL GALANOS; OFFICER SEAPKER; and DOES 1 through 50,<br><br>Defendants. | **Case No.: 3:15-cv-02007-DMS-BGS**<br>**Assigned to: Hon. Dana M. Sabraw**<br><br>**DEFENDANTS-APPELLANTS CITY OF CARLSBAD, JODY KNISLEY, KENYATTE VALENTINE, AND RICHARD GALANOS' OPPOSITION TO PLAINTIFF-APPELLEE CINDY HAHN'S *CHUMAN* MOTION TO CERTIFY APPEAL AS FRIVOLOUS** |

1

Defendants-appellants City of Carlsbad, Jody Knisley, Kenyatte Valentine, and Richard Galanos hereby respectfully submit the following points and authorities in opposition to plaintiff-appellee Cindy Hahn's *Chuman* motion:

## I.   **INTRODUCTION**

Plaintiff's operative complaint alleged a total of five causes of action on her behalf, against six defendants. Among these causes of action, plaintiff alleged four separate claims under section 1983: (1) excessive force; (2) unlawful arrest; (3) malicious prosecution; and (4) municipal liability under *Monell*. Defendants moved for summary judgment as to all of plaintiff's theories of liability. Among the grounds for summary judgment, defendants argued that their conduct did not violate plaintiff's clearly established constitutional rights.

This court granted summary judgment in favor of defendants as to all but one of plaintiff's legal theories. In addition, the court granted summary judgment on all theories in favor of defendants Karches and Seapker. Therefore, the only remaining claim is for excessive force, and the only remaining defendants are Valentine, Knisley, Galanos, and the City through vicarious liability.

As discussed below, government officials such as the individual police officer defendants in this case have qualified immunity, not only from liability, but from suit. Therefore, the defendants have a right to be free from the burdens and expense of trial if any or all of them have even a colorable claim for qualified immunity. The remaining defendants have therefore made the good faith decision to pursue a timely interlocutory appeal from the court's denial of summary judgment on the last remaining issue of excessive force. This appeal must be permitted to proceed.

## II.   **DEFENDANTS' INTERLOCUTORY APPEAL IS TIMELY**

In a civil case, a notice of appeal must be filed within thirty days after entry of the appealed judgment or order. (F.R.A.P. 4(a)(1)(A).) This court entered its order granting in part and denying in part defendants' summary judgment motions on June 16, 2017. (ECF No. 85.) Defendants filed their notice of appeal from that order on

2

July 10, 2017 – twenty-four days after entry of the appealed order. (ECF No. 97.) Therefore, the interlocutory appeal is timely as a matter of law.

## III.   INTERLOCUTORY APPEALS FROM DENIAL OF SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

Government officials are afforded immunity from suit to protect them from the obligation of having to defend litigation stemming from their performance of official duties. Such officials may appeal denials of summary judgment motions based upon qualified immunity. (*Mitchell v. Forsyth* (1985) 472 U.S. 511, 525-527.) "[Q]ualified immunity is an immunity from suit rather than a mere defense to liability." (*Pearson v. Callahan* (2009) 555 U.S. 223, 231 (quotes and cites omitted).) "As a result, pretrial orders denying qualified immunity fall within the collateral order doctrine. [Cite] This is so because such orders conclusively determine whether the defendant is entitled to immunity from suit; this immunity issue is both important and completely separate from the merits of the action, and this question could not be effectively reviewed on appeal from a final judgment because by that time the immunity from standing trial will have been irretrievably lost." (*Plumhoff v. Rickard* (2014) 134 S.Ct. 2012, 2019.)

The Supreme Court's decisions in *Behrens v. Pelletier* (1996) 516 U.S. 299 and *Johnson v. Jones* (1995) 515 U.S. 304 guide the analysis of whether an interlocutory appeal is proper in a qualified immunity case. (See *Cunningham v. City of Wenatchee* (9th Cir. 2003) 345 F.3d 802, 806.)

In *Johnson*, the plaintiff brought suit against police officers for using excessive force during an arrest. The district court denied the officers' motions for summary judgment based on qualified immunity because the pretrial record contained sufficient evidence to show a genuine issue of fact for trial. (515 U.S. at p. 308.) The officers immediately appealed the ruling, arguing that the record contained no evidence showing they had assaulted the plaintiff. (*Ibid*.) The Seventh Circuit dismissed the appeal for lack of jurisdiction, and the Supreme Court affirmed. The Supreme Court held that the officers could not bring their interlocutory appeal because the only

3

question before the court of appeals was whether the record was sufficient to show the officers assaulted the plaintiff. (*Id.* at p. 307.) Interlocutory appeals are not available when the appellate court is required to resolve a "*fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." (*Id.* (italics in original).) The officials must present the appellate court with a legal issue that does not require the court to "consider the correctness of the plaintiff's version of the facts…." (*Id.* at p. 312 (quoting *Mitchell v. Forsyth*, *supra*, 472 U.S. at p. 528).)

In *Behrens*, the Supreme Court faced another interlocutory appeal from the denial of qualified immunity. The Court noted that the rule in *Johnson* does not bar all interlocutory appeals from the denial of qualified immunity simply because the district court found a disputed issue of material fact. (516 U.S. at p. 313.) The Court stated an appellate court could exercise jurisdiction over a district court order that determined (1) material facts were in dispute, *and* (2) the defendant's alleged conduct violated clearly established law. (*Ibid.*) "Such an order contrasts with the district court's order in *Johnson*, which determined only the question of sufficiency of the evidence to support the merits of plaintiff's claim. However, [because] the district court in *Behrens* determined that the defendant's conduct violated clearly established law, the officials could bring an interlocutory appeal." (*Cunningham v. City of Wenatchee*, *supra*, 345 F.3d at p. 807.) On appeal, the court of appeals was instructed that it must resolve any factual disputes in favor of the plaintiff and decide the legal question as to whether the official's alleged conduct violated clearly established law. (*Behrens v. Pelletier*, *supra*, 516 U.S. at p. 313.)

From *Behrens*, the Ninth Circuit's "cases have distilled the following rule for interlocutory appeals from the denial of qualified immunity: We do not have jurisdiction over interlocutory appeals from district court orders that decide *only* whether there exists sufficient evidence to sustain the material facts shown by the plaintiff. However, we are instructed that we do have jurisdiction from district court

4

orders that decide not only that material facts are in dispute, but *also* that the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights. When exercising jurisdiction over the latter type of order, we resolve all factual disputes in favor of the plaintiff and look at the purely legal question of whether the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights. *See, e.g.*, *Bingham v. City of Manhattan Beach*, 329 F.3d 723, 725 (9th Cir. 2003) (noting when facts are disputed, the court must assume the non-moving party's facts are correct); *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (exercising jurisdiction over the defendant's interlocutory appeal by crediting all of the plaintiff's facts, leaving only the legal issue to decide); *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000) (noting that "we assume the version of the material facts asserted by the non-moving party to be correct" when determining whether the alleged conduct violates clearly established law); *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (exercising jurisdiction even though the district court found disputed issues of material fact)." (*Cunningham v. City of Wenatchee*, *supra*, 345 F.3d at pp. 807-808 (emphasis added).)

Most recently, in *White v. Pauly* (2017) 137 S.Ct. 548, the Supreme Court decided yet another interlocutory appeal from the denial of summary judgment based on qualified immunity in a use of force case. There were numerous disputed facts as to the events preceding the defendant police officer's shooting of the decedent. Nevertheless, both the court of appeals and the Supreme Court exercised appellate jurisdiction, viewing the facts in the light most favorable to the non-moving party. (*Id.* at p. 550.) Furthermore, the Supreme Court reminded lower courts that "as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial." (*Id.* at p. 552 (quotes and cites omitted).)

Similarly, in *S.B. v. County of San Diego* (9th Cir. 2017) 2017 WL 1959984, the district court denied the defendant police officer's motion for summary judgment based on qualified immunity in an excessive force case, and the officer brought an

5

interlocutory appeal. The Ninth Circuit held: "While we agree with the district court that plaintiffs established a triable issue as to the reasonableness of the shooting, we disagree about the application of qualified immunity. We therefore reverse." (*Id.* at p. *1.)

In this case, the court found that plaintiff had established triable issues of fact as to the reasonableness of the force used by the defendant officers. However, this finding alone does not deprive the defendants of the right to an interlocutory appeal from the denial of qualified immunity, and it does not render their appeal frivolous. The Ninth Circuit and the Supreme Court have repeatedly exercised jurisdiction over interlocutory appeals from the denial of qualified immunity when the district court had found a dispute of fact.

As they did at oral argument before this court, defendants will argue to the court of appeals that, even viewing the facts in the light most favorable to the plaintiff (*i.e.*, taking plaintiff's proffered evidence at face value and not weighing its credibility), defendants did not violate plaintiff's clearly established constitutional rights. This is a "purely legal question," over which the court of appeals has jurisdiction. (*Cunningham v. City of Wenatchee*, *supra*, 345 F.3d at p. 807) Defendants are therefore well within their rights to pursue interlocutory review.

## IV.    PLAINTIFF'S *CHUMAN* MOTION

In the Ninth Circuit, if an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." (*Chuman v. Wright* (9th Cir. 1992) 960 F.2d 104, 105.) However, in the context of interlocutory qualified immunity appeals, the Ninth Circuit has adopted a dual jurisdiction rule, "wherein 'an appeal from the denial of a frivolous motion… does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous.'" (*Id.* (quoting *U.S. v. LaMere* (9th Cir. 1991) 951 F.2d 1106, 1108).) "An appeal is considered frivolous when the result is obvious or the appellant's arguments of error are wholly without merit." (*Winterrowd v. Am. General Annuity*

*Ins. Co.* (9th Cir. 2009) 556 F.3d 815, 828.) "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." (*Dagdagan v. City of Vallejo* (E.D. Cal. 2010) 682 F.Supp.2d 1100, 1116 (quotes and cites omitted).)

"The power to certify that a claim of qualified immunity is 'frivolous,' and thus does not invoke appellate jurisdiction, is intended to protect against defendants who would use the appeal process to delay trial and injure the 'legitimate interests of other litigants and the justice system.' *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Thus 'if the claim of immunity is a sham… the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks.' *Id.*" (*Lum v. County of San Joaquin* (E.D. Cal. 2012) 2012 WL 2090322, *2.) The power to certify a qualified immunity claim as frivolous, however, "***must be used with restraint***." (*Apostol v. Gallion* (7th Cir. 1989) 870 F.2d 1335, 1339 (emphasis added).)

As demonstrated above, the court of appeals may properly exercise jurisdiction over defendants' interlocutory appeal from the denial of summary judgment. Moreover, as demonstrated below, defendants each have a colorable, good faith, non-frivolous claim of qualified immunity. Therefore, defendants' interlocutory appeal is not frivolous, and jurisdiction should remain solely with the court of appeals.

## V. DEFENDANTS EACH HAVE A COLORABLE, GOOD FAITH, NON-FRIVOLOUS CLAIM OF QUALIFIED IMMUNITY

Defendants' summary judgment motion was brought in good faith and clearly had merit. Indeed, the court granted summary judgment in favor of defendants as to three of plaintiff's four theories of liability and even completely dismissed two of the five officers as to the fourth theory. Each of the three remaining defendant officers has asserted, at minimum, a colorable defense of qualified immunity as to plaintiff's excessive force claim. Even though this court ultimately disagreed with defendants' argument, however, defendants may appeal this court's ruling interlocutorily.

Defendants recognize that each side has presented evidence sufficient to create a dispute of fact as to exactly what took place on the date of the incident. However, in their moving papers, on reply, at oral argument before this court, and again in this opposition, defendants have repeatedly asserted their position that, even viewing the facts in the light most favorable to plaintiff, defendants are immune as a matter of law, because they did not violate plaintiff's clearly established constitutional rights.

Among the bases for this court's denial of qualified immunity, the court found that there was a dispute of fact as to what plaintiff did after defendant Valentine told her she was under arrest for obstructing or delaying him in the conduct of his duties. (ECF No. 85, 9:9-10.) Therefore, the court must accept plaintiff's evidence as true. In her Opposition to the summary judgment motion, plaintiff submitted the following deposition testimony regarding her actions after being told she was under arrest:

Q: And your recollection is you did not run when he told you you were arrested?
A: What is your -- what is your definition of "run"?
Q: To briskly and rapidly evade somebody --
A: No.
Q: -- get away from something.
A: Not running. More like backpedaling, shuffling.

(Opposition (ECF No. 80), 5:11-13 (citing Hahn Depo., 274:15-23).)

Defendant Valentine argued on summary judgment, and will argue to the court of appeals, that, even viewing the facts in the light most favorable to plaintiff, he did not violate plaintiff's clearly established constitutional rights. In order to overcome qualified immunity, a plaintiff must "identify a case where an officer acting under similar circumstances as [the defendant] was held to have violated the Fourth Amendment." (*White v. Pauly*, *supra*, 127 S.Ct. at p. 552.) Even assuming, as the court must on summary judgment, that plaintiff's version of the events is accurate, there simply is no case law which clearly establishes that it is a Fourth Amendment violation for an officer to take a suspect to the ground when she is "backpedaling" or "shuffling" away from a lawful arrest. Indeed, plaintiff's own retained police practices

expert testified that Valentine did not use excessive force against plaintiff. (Motion (ECF No. 73.2), 18:5-7, fn. 2 (citing DeFoe Depo. (Exh. 10 to Defendants' Notice of Lodgment, ECF No. 73.8) 110:16-18.) Therefore, Valentine has, at minimum, a colorable, non-frivolous claim to qualified immunity, and he must be permitted to proceed with the interlocutory appeal.

Similarly, defendants Knisley and Galanos argued on summary judgment, and will argue again to the court of appeals, that even viewing the facts in the light most favorable to plaintiff, they did not violate plaintiff's clearly established constitutional rights. Knisley and Galanos did not arrive on the scene until after Valentine had already taken plaintiff to the ground. In her Opposition to the summary judgment motion, plaintiff submitted a video of the incident. (See Exh. 9 to Plaintiff's Notice of Lodgment, ECF No. 80.2.) The video evidence submitted by plaintiff depicts Knisley and Galanos' initial arrival on the scene, as well as their actions (or inactions) after arriving. Defense counsel argued to this court at oral argument, and defendants will argue to the court of appeals, that even if the video is viewed in the light most favorable to plaintiff, Knisley and Galanos' actions (or inactions) did not violate plaintiff's clearly established constitutional rights. As discussed above, on an interlocutory appeal from the denial of qualified immunity, the court of appeals "resolve[s] all factual disputes in favor of the plaintiff and look[s] at the purely legal question of whether the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights." (*Cunningham v. City of Wenatchee*, *supra*, 345 F.3d at p. 807.) Thus, defendants' argument is proper grounds for interlocutory appeal.

"Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." (*White v. Pauly*, *supra*, 127 S.Ct. at p. 551 (quotes and cites omitted).) If officers of reasonable competence could disagree on the issue of whether a particular use of force is reasonable, immunity should be recognized. (*Hope v. Pelzer* (2002) 536 U.S. 730, 741.) Even viewing the evidence in the light most favorable to plaintiff, a reasonable officer could conclude that it was not clearly

unreasonable for Knisley to strike plaintiff during their struggle. In fact, Lt. Kevin Lehan, who trains Carlsbad police officers on the proper use of force, believes Knisley's actions were "outstanding" and "textbook." (Lehan Depo. (Exh. 6 to Plaintiff's Notice of Lodgment (ECF No. 80.2)), 27:2-6.) Therefore, like Valentine, Knisley and Galanos have made good faith claims of qualified immunity, which are, at minimum, colorable and non-frivolous, and they must be permitted to proceed with the interlocutory appeal, as well.

## VI.    CONCLUSION

Defendants' summary judgment motion succeeded in eliminating three of the four constitutional claims alleged in plaintiff's complaint and also attained the complete dismissal of two of the five officer defendants as to the fourth claim. However, the three remaining officer defendants still face potential personal exposure to liability, attorney fees, costs, and punitive damages, not to mention the burden and expense of trial. However, the defendants are not without protection. Qualified immunity affords these officers not only a defense from liability but an immunity from suit. Defendants therefore have a right not to stand trial unless the evidence, viewed in the light most favorable to plaintiff, supports the legal conclusion that defendants violated plaintiff's clearly established constitutional rights. Jurisdiction to determine the validity of defendants' qualified immunity defense now rests with the court of appeals. Because defendants' claims of qualified immunity are not frivolous, their interlocutory appeal must be permitted to proceed.

Dated: July 13, 2017                    Meyers Fozi, LLP


                                 By:    /s/ Golnar J. Fozi
                                        Neal S. Meyers
                                        Golnar J. Fozi
                                        Daniel S. Modafferi
                                        Attorneys for Defendants-Appellants
                                        City of Carlsbad, Jody Knisley, Kenyatte
                                        Valentine, and Richard Galanos