GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS         SBN 108325
BEN J. MEISELAS         SBN 277412
Attorneys for Plaintiffs Cindy Hahn and Brandon Hahn

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDY MICHELLE HAHN, an individual;, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CARLSBAD; OFFICER J. KNISLEY; OFFICER KENYATTE VALENTINE; OFFICER KARCHES; CORPORAL GALANOS; OFFICER SEAPKER; and DOES 1 through 50, <br><br> Defendants. | Case No.: 3:15-CV-02007-DMS-BGS <br><br> *Honorable Dana M. Sabraw* <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO CERTIFY THE INTERLOCUTORY APPEAL AND REQUEST TO DENY A STAY OF THIS ACTION** |

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Plaintiff CINDY HAHN respectfully submits her Reply in support of her Request to Deny a Stay of this Action:

**I.**
**INTRODUCTION**

On July 7, 2017, Defendants, by and through their counsel, attended a Final Status Conference and declared they were ready for trial. This followed the Parties' week long meet and confer in which the Parties worked together to establish a Proposed Trial Order. Based on the Parties' representations that they were ready for trial, the Court set streamlined trial procedures, dates, and deadlines. After declaring ready at the Final Status Conference, Defendants revealed for the first time -- what it had concealed from Plaintiff and the Court -- that its true intention was to file an interlocutory appeal and request that trial be stayed. In essence, Defendants intended, and intends, to obstruct and delay the trial schedule it set and committed to last Friday.

**II.**
**ARGUMENT**

**A. Defendants Fail to Provide Any Explanation for Their Deliberate Misrepresentation to the Court and to Plaintiff's Counsel, and Defendants' Request to Stay Trial Should Be Denied, for Defendants' Interlocutory Appeal Constitutes Nothing More Than an Improper Attempt to Obstruct the District Court's Schedule.**

Nowhere in Defendants' Opposition do they explain why they misrepresented to the Court, and to Plaintiff, their intention to obstruct the trial dates and deadlines they participated in setting. Before and after the Final Status Conference, Plaintiff coordinated witness and expert schedules to appear at trial. Counsel for Plaintiff has continued other matters, including a catastrophic injury/death case filed in State Court based on the priority of this Federal trial. It remains unclear why Defendants would not have simply informed the Court or counsel for Plaintiff of its intention to stay trial at any time while meeting and conferring with Plaintiff, or at the Final Status Conference where they instead elected to declare ready. In fact, the Court directly asked the parties if there were any further issues, scheduling matters, or concerns, and Defendants remained silent.

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO CERTIFY THE INTERLOCUTORY APPEAL AND REQUEST TO DENY A STAY OF THIS ACTION**

Plaintiff's Brief in Opposition to Defendant's Anticipated Motion to Stay Trial provides Ninth Circuit case law that is directly on point, prohibiting a stay where Defendants seek to obstruct and meddle with a District Court's trial schedule. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see also Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) (using claims in a "manipulative fashion" forfeits entitlement to an appellate decision before trial). There is perhaps no more obvious and egregious example as here, where Defendants declared ready for trial, affirmatively participated in setting dates with the Court, and stated to the Court that there were no additional issues regarding trial. It is not surprising that Defendants' Opposition papers filed yesterday are completely silent on why they declared ready for trial, induced the Court and Plaintiff to rely on that representation, and then sought a stay.

Accordingly, Plaintiff respectfully requests this Court deem Defendants' entitlement to a stay of trial forfeited and order the parties to proceed to trial.

**B. Interlocutory Review Is Further Inappropriate in the Present Case Given that the Court's Order on Qualified Immunity Was Premised Upon a Finding of Fact, Not Law**

As the Court is aware, Defendants position, as set forth during oral argument regarding the Graham factors, is that because Defendant Officers used hand-to-hand combat (what Plaintiff's expert described as a form of lethal force given the strikes to head) and, that Defendant Officers "did not use guns and tasers," they are entitled to qualified immunity. As Plaintiff discussed in its initial filing Opposing Defendants' Intent to Stay Trial, where the issue is a factual dispute and not a legal dispute –such as is the case here, where there is a factual dispute as to whether the strikes to body and head causing significant physical injury --- Defendants are not entitled to stay trial.

Thus, Plaintiff respectfully requests this Court deem Defendants' entitlement to a stay of trial as frivolous and order the parties to proceed to trial.

///

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO CERTIFY THE INTERLOCUTORY APPEAL AND REQUEST TO DENY A STAY OF THIS ACTION**

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**III.**
**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny any stay of this action and allow Ms. Hahn have her day in Court on the trial date set by the Parties at the Final Status Conference.

DATED: July 14, 2017                                    GERAGOS & GERAGOS, APC


                                       By:  /s/ Ben J. Meiselas
                                           MARK J. GERAGOS
                                           BEN J. MEISELAS
                                           Attorneys for Plaintiff
                                           CINDY MICHELLE HAHN

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 3 -
**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO CERTIFY THE INTERLOCUTORY APPEAL AND REQUEST TO DENY A STAY OF THIS ACTION**