# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY MICHELLE HAHN, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CARLSBAD, OFFICER J. KNISLEY, OFFICER KENYATTE VALENTINE, OFFICER KARCHES, CORPORAL GALANOS, OFFICER SEAPKER, and DOES 1 THROUGH 50,<br><br>　　　　Defendants. | Case No. 15-cv-2007 DMS (BGS)<br><br>**ORDER GRANTING MOTION TO CERTIFY THE INTERLOCUTORY APPEAL AS FRIVOLOUS** |

On June 16, 2017, this Court issued an order granting in part and denying in part Defendants' motions for summary judgment. Specifically, the Court granted Defendant City of Carlsbad's motion as to the *Monell* claim and Defendant Officers' motion as to the unlawful arrest and malicious prosecution claims,[1] and denied the motions as to the remaining claims. In rejecting Defendants' argument of qualified immunity with respect to the excessive force claim, the Court found that when the

---

[1] The Court also granted the Officers' motion as to all claims against Officers Karches and Speaker.

facts were viewed in Plaintiff's favor, as required on that motion, there were genuine issues of material fact about whether Officers Valentine and Knisley violated Plaintiff's constitutional rights, which were clearly established at the time of the incident.

Defendants filed a notice of appeal of the Court's decision on July 10, 2017. On the same day, Plaintiff filed an objection to the notice of appeal, which the Court construed as a motion to certify the interlocutory appeal as frivolous. Defendants filed an opposition to the motion, and Plaintiff filed a reply.

In the Ninth Circuit, if an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). However, in the context of interlocutory qualified immunity appeals, the Ninth Circuit has adopted a dual jurisdiction rule "wherein 'an appeal from the denial of a frivolous motion ... does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous.'" *Id.* (quoting *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991)). A district court may deem an appeal frivolous "'when the result is obvious or the appellant's arguments are wholly without merit.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting *Glanzman v. Uniroyal, Inc*., 892 F.2d 58, 61 (9th Cir. 1989)); *see Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (a qualified-immunity claim is frivolous if it "is unfounded, so baseless that it does not invoke appellate jurisdiction.") (internal quotation marks and citation omitted).

Here, Plaintiff argues Defendants' appeal is frivolous because the Court rejected Defendants' claim of qualified immunity based on genuine issues of material fact. In contrast, Defendants contend the appeal concerns a question of law, and therefore, they are well within their rights to pursue interlocutory review. Specifically, Defendants argue "even viewing the facts in light most favorable to the

plaintiff …, defendants did not violate plaintiff's clearly established constitutional rights." (Opp'n to Mot. at 6.)

In the order on Defendants' motions for summary judgment, the Court found genuine issues of material fact remained as to whether Plaintiff's constitutional rights had been violated. Plaintiff alleged she complied with the officers' orders, and did not resist arrest or pose a threat. Nevertheless, Officer Valentine "allegedly lunged at Plaintiff and swept her legs out from under her, causing her to fall to the ground…. deliberately threw [her] body up in the air to hit [her] head straight first on the ground. Once she fell again on the ground, Officer Valentine allegedly inflicted pain by exerting pressure on her body with his knee." (Order on Mot. for Sum. Judg. at 9.) When Officer Knisley subsequently arrived on the scene, Plaintiff stated she "was not attempting to throw Officer Valentine off of her nor was she kicking her legs violently attempting to break free from Officer Valentine's grasp." (*Id.* at 10.) Plaintiff alleged she "remained still on the ground." (*Id.*) Yet, Officer Knisley "took Plaintiff's arm and twisted it backwards, and then delivered multiple blows to her head and body using his fist and knee." (*Id.*) Therefore, viewing the facts in light most favorable to Plaintiff, the Court held a reasonable jury could find that Officers Valentine and Knisley used an unreasonable amount of force to effect the arrest, and as a result, violated Plaintiff's Fourth Amendment right to be free from excessive force.

Moreover, the Court found that the constitutional rights in dispute were clearly established at the time of the incident. *See Rice v. Murakami*, 671 F. App'x 472, 473 (9th Cir. 2016) ("It was clearly established at the time of the incident that striking and kneeing a person being arrested who was not physically resisting constituted excessive force."); *Young v. Cty. of L.A.*, 655 F.3d 1156, 1168 (9th Cir. 2011) ("The principle that it is unreasonable to use significant force against a suspect who was suspected of a minor crime, posed no apparent threat to officer safety, and could be found not to have resisted arrest, was thus well-established in 2001").

Therefore, the Court held "[a] reasonable officer in Officers Valentine or Knisley's position would have known that striking and kicking the suspect to effect an arrest under such circumstances would violate the Fourth Amendment." (*Id.* at 13); *see Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003) (viewing the facts in light most favorable to plaintiff, the Court found it was objectively unreasonable when defendant "grabbed [plaintiff] by her arms, forcibly threw her to the ground, and, twisting her arms, handcuffed her … [when] [Plaintiff] did not pose a safety risk and made no attempt to [evade arrest].… [and] [Defendant] was investigating … nonviolent offenses.").

Nevertheless, Defendants appear to argue the Court erred in holding that the rights alleged to have been violated were clearly established at the time of the incident. Defendants, relying on Plaintiff testimony that she was "backpedaling" or "shuffling" at the time of the incident, contend "there is simply no case law which clearly establishes that it is Fourth Amendment violation for an officer to take a suspect to the ground when she is 'backpedaling' or 'shuffling' away[,]" and "for Knisley to strike plaintiff during their struggle." (Opp'n to Mot. at 8–10.) The Ninth Circuit, however, has held that case law need not provide an exact fit. *See Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir. 2001) ("precedent directly on point is not necessary to demonstrate that a right is clearly established. Rather, if the unlawfulness is apparent in light of preexisting law, then the standard is met. In addition, even if there is no closely analogous case law, a right can be clearly established on the basis of common sense."); *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005) ("There need not be prior authority dealing with this precise factual situation in order to deny [the officer] qualified immunity for his actions"). In light of preexisting case law, it is beyond dispute that it was clearly established that the alleged use of force was unconstitutional at the time of the incident. Accordingly, there is no reasonable basis for this appeal.

1     For these reasons, Plaintiff's motion is granted and Defendants' interlocutory appeal in this case is certified as frivolous.[2] The Clerk of Court shall send a copy of this order to the Court of Appeals for the Ninth Circuit. The parties are ordered to participate in a telephonic conference with the Court on July 18, 2017 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: July 17, 2017

    *[signature]*
Hon. Dana M. Sabraw
United States District Judge

---

[2] Accordingly, the Court need not reach Plaintiff's remaining arguments.